## BOTT v. LONGI.

No. 7554.   Decided January 23, 1951.   (226 P. 2d 1023.)

See 52 C. J. S. Landlord and Tenant, sec. 565. Action for work and labor as affected by original intention not to charge, see note 54 A. L. R. 548. See also, 58 Am. Jur. 516.

*Benjamin Spence*, Salt Lake City, for appellant.

*C. Vernon Langlois, Ray S. McCarty*, Salt Lake City, for respondent.

PER CURIAM.

Plaintiff originally brought this action in the City Court to recover the value of certain labor and materials which he claims to have furnished to the defendant. The defendant counterclaimed for about an equal amount for the rent of space occupied by plaintiff in her building. The City Court denied any relief to both plaintiff and defendant and the plaintiff appealed to the District Court, which reached a similar result after the trial there.

The District Court expressly found that plaintiff rendered and furnished the materials to defendant in accordance with plaintiff's claim, and that the plaintiff occupied space in the building owned by defendant in accordance with defendant's claim. But it further found "that it was not the intention of the plaintiff to charge the defendant for said work and services and material furnished, nor was it the intention of the defendant to charge the plaintiff for the space so occupied. * * *"

Plaintiff strenuously urges that his proof is conclusive that he furnished the labor and material in accordance with his claim and therefore is entitled to judgment for that amount. That contention overlooks the fact that the court found that he had furnished the labor and material in accordance with his claim, but that neither party intended to charge for the items claimed in the pleadings.

The evidence discloses that the parties were very friendly when these transactions occurred. There is evidence that marriage proposals were exchanged. The evidence was such that the court could reasonably find therefrom that neither party intended to charge the other for the items claimed in the pleadings.

The judgment is therefore affirmed. The respondent shall recover her costs on appeal.